**In The**
***United States Court of Appeals***
***For the Third Circuit***

**No. 16-3178**

INA M. COLLINS

*Appellant*,

v.

MARY KAY INC.

*Appellee.*

---

Appeal from the United States District Court
For The District of New Jersey

2:15-cv-07129-MCA

---

# BRIEF OF APPELLEE MARY KAY, INC.

---

GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
Attorneys for Appellee

*On the Brief:*
Christine A. Amalfe
Richard S. Zackin

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

COUNTERSTATEMENT OF THE ISSUES ........ 1

STATEMENT OF RELATED CASES ........ 1

COUNTERSTATEMENT OF THE CASE ........ 1

ARGUMENT ........ 5

A. Standard of Review ........ 5

B. The Case Law Does Not Support Collins' Contention That the Clause is Unenforceable as to Her Statutory Claims ........ 6

1. Collins' Reliance on Garfinkel is Entirely Misplaced. ........ 6

2. The Nuzzi Decision Also Does Not Support Collins' Position ........ 9

3. The FLSA cases cited by Collins are inapposite. ........ 11

C. The Claims in Suit are Directly Within the Scope of the Clause ........ 12

1. The Clause Covers Claims Other Than Breach of Contract ........ 13

CONCLUSION ........ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfano v. BDO Seidman, LLP,*
393 N.J. Super. 560 (App. Div. 2007) .......... 8

*Amica Mut. Ins. Co. v. Fogel,*
656 F.3d 167 (3d Cir. 2011) .......... 9

*Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.,*
134 S. Ct. 568 (2013) .......... 2, 11

*Badia v. Homedelivery Link, Inc.,*
No. 2:12–cv–06920, 2014 WL 3619796 (D.N.J. July 22, 2014) .......... 19

*Bense v. Interstate Battery Sys. of Am., Inc.,*
683 F.2d 718 (2d Cir.1982) .......... 16

*Cadapult Graphics Sys., Inc. v. Tektronix, Inc.,*
98 F. Supp.2d 560 (D.N.J. 2000) .......... 9

*Carlyle Inv. Mgmt. LLC v. Monmouth Co. SA,*
779 F.3d 214 (3d Cir. 2015) .......... 4, 13, 14, 15

*Caspi v. Microsoft Network,*
323 N.J. Super. 118 (App. Div. 1999) .......... 9

*Coregis Ins. Co. v. Am. Health Found., Inc.,*
241 F.3d 123 (2d Cir.2001) .......... 15

*Crescent Int'l Inc. v. Avatar Communities, Inc.,*
857 F.2d 943 (3d Cir.1988) .......... 14, 16

*EPIX Holdings Corp. v. Marsh & McLennan Companies, Inc.,*
410 N.J. Super. 453 (2009), *overruled in part on other grounds,*
*Hirsch v. Amper Financial Services, LLC,* 215 N.J. 174 (2013) .......... 7

*Garfinkel v. Morristown Obstetrics and Gynecology Associates,*
P.A. 168 N.J. 124 (2001) .......... 6, 11

*General Engineering Corp. v. Martin Marietta Alumina, Inc.*
783 F.2d 352 (3d Cir. 1986) .......... 5

*Hargrove v. Sleepy's*,
220 N.J. 289 (2015) ........................................................................17

*Hernandez v. Tex. Capital Bank, N.A.*,
No. 07-0726-CV-W, 2008 WL 342758 (W.D. Mo. Feb. 5, 2008)....................12

*Huffington v. T.C. Grp., LLC*,
637 F.3d 18 (1st Cir. 2011)........................................................................15

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*,
119 F.3d 1070 (3d Cir.1997) ...........................................................5, 14, 15, 17

*Johnson v. Academy Mortg. Corp.*,
No. 11–cv–01328, 2012 WL 954230 (D. Colo. Mar. 21, 2012) .......................12

*Jones v. Weibrecht*,
901 F.2d 17 (2d Cir.1991) ...........................................................................6

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995) .......................................................................3, 6

*Kanafani v. Lucent Technologies Inc.*,
No. 07-11, 2009 WL 3055363 (D.N.J. Sept. 18, 2009)....................................10

*Karzhevsky v. Loving Care Agency, Inc.*,
2010 WL 114392 (App. Div. Jan. 14, 2010) ..................................................8, 9

*Larchmont Farms v. Parra*,
941 S.W. 2d 93 (Tex. 1997)........................................................................11

*Manetti–Farrow, Inc. v. Gucci Am., Inc.*,
858 F.2d 509 (9th Cir.1988) ........................................................................16

*Martinez v. Bloomberg LP*,
740 F.3d 211 (2d Cir. 2014) .........................................................................5

*McCracken v. Monosol RX, LLC*,
No. 02–12–00151–CV., 2014 WL 4937997 (Tex. App. Oct. 2, 2014) .........................................................................................11

*Nuzzi:* A. *& M. Wholesale Hardware Co., Inc. v. Circor Instrumentation Technologies, Inc.*,
No. 13–0475, 2014 WL 714938 (D.N.J. Feb. 24, 2014) ...................................10

*Nuzzi v. Aupaircare, Inc.*,
No. 08-1210, 341 Fed. Appx. 850 (3d Cir. Aug. 12, 2009) ....................9, 10, 11

*Omron Healthcare, Inc. v. Maclaren Exports, Ltd.*,
28 F.3d 600 (7th Cir.1994) ....................................................................16

*Paradise Enterprises Ltd. V. Sapir*,
356 N.J. Super. 96 (App. Div. 2002) .........................................................9

*Richmond v. 20/20 Communications, Inc.*,
No. 16-cv-6051, 2016 WL 6217107 (N.D. Ill. Oct. 24, 2016).........................12

*Ruifrok v. White Glove Rest. Servs., LLC*,
No. DKC 10–2111, 2010 WL 4103685 (D. Md. Oct. 18, 2010).......................12

*Schering Corp. v, First Databank, Inc.*,
479 F. Supp.2d 468 (D.N.J. 2007) ............................................................17

*Sluka v. Landau Uniforms, Inc.*,
383 F. Supp.2d 649 (D.N.J. 2005) ............................................................18

*TriState HVAC Equipment, LLP v. Big Belly Solar, Inc.*,
752 F.Supp.2d 517 (E.D. Pa. 2010) ...........................................................16

**Statutes**

28 U.S.C. § 1404(a) .......................................................................................2

29 U.S.C. § 201 ...........................................................................................11

N.J.S.A. § 10:5-1............................................................................................7

N.J.S.A. § 34:11-4...........................................................................................1

N.J.S.A. § 34:11-4.1(c) ..................................................................................18

N.J.S.A. § 34:11-4.4...................................................................13, 17, 18, 19

N.J.S.A. § 34:11B-1 ........................................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................2

## COUNTERSTATEMENT OF THE ISSUES

Whether the district court properly dismissed the Complaint on the grounds of *forum non conveniens*, after determining that a valid forum selection clause in the contracts between the parties covering "any dispute or controversy [that] should arise between them concerning any matter relating to [those agreements]," applied to the claims in suit and established the relationship between the parties from which the claims stem. (The district court's ruling on the applicability of the forum selection clause to the claims in suit appears at pages 6-8 of its Opinion (PA 08-010)).

## STATEMENT OF RELATED CASES

This case has not been before the Court previously. Appellee Mary Kay Inc. is unaware of any related cases or proceedings as described in LAR 28.1(a)(2).

## COUNTERSTATEMENT OF THE CASE

The Complaint in this matter (PA026-031), filed on September 28, 2015, alleges that Ina Collins (hereinafter "Collins") was employed by Mary Kay Inc. (hereinafter "Mary Kay") to sell Mary Kay products in New Jersey in the capacities of Beauty Consultant and Independent Sales Director and that Mary Kay failed to properly compensate her in violation of the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4 *et seq.* ("the WPL"). Collins purported to bring a class action under the WPL on behalf of all Mary Kay Beauty Consultants and Independent Sales Directors working in New Jersey. Federal jurisdiction was premised on the diversity of citizenship of the parties.

The Complaint omitted any reference to the fact, central to this appeal, that Collins' relationship with Mary Kay was governed by two contracts pursuant to which Collins was authorized to purchase Mary Kay products for resale, an Independent Beauty Consultant Agreement (hereinafter "IBC Agreement") (PA015) and an Independent Sales Director Agreement (hereinafter "ISD

Agreement") (PA017) (hereinafter collectively "the Agreements"). Both Agreements contain the identical forum selection clause:

> The parties further agree that if any dispute or controversy should arise between them concerning any matter relating to this Agreement that any issues which either party may elect to submit for legal jurisdiction shall be submitted to the jurisdiction of the courts of the State of Texas and the parties agree that the proper venue shall be Dallas, Dallas County, Texas. (IBC Agreement, first unnumbered paragraph, PA016; ISD Agreement, § 17, PA023.)

Mary Kay is headquartered in Texas. (ISD Agreement, Section 17 (PA023).

On November 13, 2015, Mary Kay moved to dismiss the Complaint on the grounds of *forum non conveniens* in light of the forum selection clause (hereinafter "the Clause").[1] Alternatively, Mary Kay sought dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) because it failed to sufficiently allege a claim under the WPL. On June, 29, 2016, the district court filed an Opinion (PA003-011) and entered an Order (PA002) dismissing the Complaint on the grounds of *forum non conveniens*. The district court did not address Mary Kay's Rule 12(b)(6) arguments.[2] Collins filed this appeal on July 20, 2016 (PA001).

## SUMMARY OF THE ARGUMENT

The Clause is plainly valid, as determined by the district court below (PA003-006), and its validity is not challenged by Collins on this Appeal. Rather

---

[1] The Supreme Court has made clear that when a forum selection clause, as here, directs the parties to the state courts, as opposed to the federal courts, of another state, the proper motion to enforce the clause is a motion to dismiss on the grounds of *forum non conveniens* rather than a motion to transfer under 28 U.S.C. § 1404(a). *See Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013) (hereinafter "*Atlantic Marine*").

[2] Thus Mary Kay will not address those arguments here but preserves them for purposes of any further proceedings that might follow this appeal.

than argue validity, Collins, relying on New Jersey law, focuses her appeal on the contention that her WPL claim is outside the scope of the Clause because the Clause does not specifically reference her New Jersey statutory WPL claim. It is federal law, however, not New Jersey law, that governs the effect to be given to a forum selection clause. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Moreover, her contention is unsupported by any New Jersey case dealing with a forum selection clause. Rather, Collins' appeal is premised on Collins' misleading argument that conflates the present case with cases dealing with arbitration and/or choice of law clauses. But, arbitration and choice of law clauses implicate the waiver of **statutory rights,** such as the right to a judicial remedy and, **for that precise reason only**, New Jersey courts law require that such clauses specifically reference those rights.[3]

In the present case, no waiver of a judicial remedy or any other statutory right is implicated by the forum selection clause at issue. To be clear, the Clause does **not** require Collins to waive a judicial remedy or any statutory rights or claims. Clearly, Collins has no statutory right to have her claims litigated in New Jersey. Indeed, nothing in the WPL requires that claims to enforce its provisions must exclusively be brought in New Jersey courts, and no court has so held with regard to the WPL or any other New Jersey statute dealing with employment rights. Here, Mary Kay simply seeks to have the courts of Texas, the forum agreed to by the parties, determine the legal and factual issues presented. The above-noted rationale of not waiving a judicial remedy, therefore, simply has no application here. Collins' apples-to-oranges comparison between the Clause in this case and the clauses in the cases in which she unsuccessfully attempts to find support should be rejected by the Court as they were rejected by the district court.

---

3

Collins also argues that her WPL claim is not within the scope of the Clause because her claims (1) are not breach of contract claims and (2) can be decided without reference to the Agreements containing the Clause. Neither of these arguments has merit.

First, it is well settled in this Circuit that a forum selection clause that purports to apply to disputes "relating to" the agreement that contains the clause should be construed broadly to cover disputes beyond breach of contract claims. A dispute "relates to" the parties' contract if it stems from the contract containing the forum selection clause and would not have arisen absent the contract. *Carlyle Inv. Mgmt. LLC v. Monmouth Co. SA*, 779 F.3d 214, 220 (3d Cir. 2015). Here, the dispute centers directly on whether expenditures for products for resale, advertising materials and other obligations Collins was allegedly required to incur under the Agreements constitute "withholding" and "diversion" from wages in violation of the WPL. Collins' position in this regard is particularly perplexing because the Agreements in large measure specifically concern the "expenditures" that form the basis of the Complaint's factual allegations. Clearly, and contrary to Collins' arguments on appeal, these alleged required expenditures stem directly from, and would not have arisen absent the parties' contractual arrangements. Thus, as correctly recognized by the district court (PA008-011), the present dispute "relates to" the Agreements and is directly within the scope of the Clause.

Second, critical aspects of Collins' WPL claims cannot be resolved without reference to the Agreements. For example, Collins contends she was misclassified as an independent contractor and, in fact, is an "employee" under the so-called "ABC test" adopted by the New Jersey Supreme Court for purposes of the WPL. Part A of the ABC test, *inter alia*, specifically requires an inquiry into the extent of the alleged employer's "control" over the alleged employee "**under his contract of service"** as well as in fact. Thus, there is no doubt that the Agreements must be

specifically analyzed on the issue of "control" to resolve the independent contractor/employee issue.

In addition, Collins' WPL claim is viable only if she can show that improper withholdings and diversions were taken from her "wages" as defined by the WPL. But again, the Agreements between Collins and Mary Kay dictated her commission and bonus structure. Whether Collins was remunerated in "wages" as defined by the WPL or received some other form of compensation cannot be determined without an analysis of the specific terms of the Agreements, which expressly discuss the calculation of monies owed by Mary Kay to Collins.

Moreover, and not surprisingly, in defense, Mary Kay will rely on the terms of the Agreements on both the "control" issue and the "wages" issue. For this reason also, the present dispute "relates to" the Agreements and is thus within the scope of the Clause. *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070 (3d Cir.1997) (Alito, J.).

Accordingly, for the reasons set forth herein, the district court's decision granting Mary Kay's motion to dismiss the Complaint on the grounds of *forum non conveniens* should be affirmed by this Court.

## ARGUMENT

### A. Standard of Review

To the extent the district court's decision to enforce the Clause rests on factual findings, this Court reviews those findings under a clearly erroneous standard. The Court's review of the district court's legal conclusion that the Clause should be enforced is plenary. *General Engineering Corp. v. Martin Marietta Alumina, Inc.* 783 F.2d 352, 359 (3d Cir. 1986); *accord, Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).

## B. The Case Law Does Not Support Collins' Contention That the Clause is Unenforceable as to Her Statutory Claims

Collins cites no New Jersey case that has limited the otherwise broad scope of **a forum selection provision** such as the Clause because the clause did not expressly reference statutory claims. We are aware of none. Thus, even if the court were to accept Collins' unwarranted assumption that New Jersey law should govern the analysis, it is clear that New Jersey, which favors forum selection clauses (*see* note 5, *infra*), would enforce the Clause in this case.

### 1. Collins' Reliance on *Garfinkel* is Entirely Misplaced.

In support of her appeal, Collins places substantial reliance on the New Jersey Supreme Court's decision in *Garfinkel v. Morristown Obstetrics and Gynecology Associates*, P.A. 168 N.J. 124 (2001). The *Garfinkel* case, however, dealt with the enforcement of an arbitration clause, not a forum selection clause, and it was decided under New Jersey state law, not federal law. For these reasons, Collins' argument as to the Garfinkel case is entirely misplaced.

First, as this Court has made clear: "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." *Jumara, supra,* 55 F.3d at 877. In so holding, the Court adopted the reasoning of *Jones v. Weibrecht,* 901 F.2d 17, 19 (2d Cir.1991), that "[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." *Jones* applied federal law in a diversity case to affirm the district's court's dismissal of the action based on a forum selection provision that precluded venue in any forum other than a specific state court, as does the Clause here.

In addition, the **sole** rationale of *Garfinkel* was the New Jersey Supreme Court's concern with the waiver of judicial remedies that comes about when a contractual arbitration provision is enforced. Collins fails to explain how that

rationale has any applicability to the Clause here, which plainly does not require her to waive any judicial remedies.

In *Garfinkel,* the New Jersey Supreme Court ruled that an **arbitration** clause that did not specifically refer to an employee's potential claims under the Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.* ("the LAD") was too ambiguous to constitute evidence of a knowing waiver of the employee's right to a judicial remedy. In so ruling, the court emphasized that the LAD's express judicial remedy was an integral part of the LAD. *Id.* at 130-31. In this regard, the Court explained:

> To reiterate, the policies that support the LAD and the rights it confers on aggrieved employees are essential to eradicating discrimination in the workplace. The Court will not assume that employees intend to waive those rights unless their agreements so provide in unambiguous terms . . . [A] waiver of rights provision should at least provide that the employee agrees to arbitrate all statutory claims arising out of the employment relationship or its termination. It should also reflect the employee's general understanding of the type of claims included in the waiver, e.g., workplace discrimination claims."

*Id.* at 135. The entire thrust of *Garfinkel* focuses on the waiver of an employee's right to a **judicial remedy** to vindicate his or her LAD claims. That is clearly not the issue presented to the Court in this case.

The Clause here does **not** interfere in any way with Collins' right to a judicial remedy to address her WPL claims or any other statutory right. She has the undisputed right to a judicial remedy in the courts of Texas. There is absolutely nothing in *Garfinkel* suggesting that a forum selection clause that merely directs the situs for the judicial remedy, should not be applied to statutory claims unless it contains specific language referencing such claims.[4]

---

[4] *EPIX Holdings Corp. v. Marsh & McLennan Companies, Inc.*, 410 N.J. Super. 453 (2009), *overruled in part on other grounds, Hirsch v. Amper Financial*

That *Garfinkel* is concerned only with preserving judicial remedies, and not with the situs of the judicial remedy, was made clear by the New Jersey Appellate Division in *Karzhevsky v. Loving Care Agency, Inc.*, 2010 WL 114392 (App. Div. Jan. 14, 2010), **decided after** *Garfinkel*. There, Kasil and Gregory Karzhevsky sold their stock in the Loving Care Agency to LCA Holding, Inc. and entered into employment agreements with the new owner. The stock purchase agreement ("the SPA") provided that any actions "arising out of or relating to" the SPA would be resolved in federal or state court in New York. This forum selection clause was silent as to its applicability to the LAD or other statutory claims. Notwithstanding, when Gregory's employment was terminated and he filed suit in New Jersey asserting claims under the LAD, the trial court cited the forum selection clause in the SPA as a basis for dismissing Gregory's New Jersey case.

Relying heavily on the forum selection clause, the New Jersey Appellate Division affirmed the dismissal of the LAD claims even though not specifically referenced in the clause. The court held that enforcement of the forum selection clause was consistent with New Jersey public policy and that the LAD claims were encompassed by the clause. The court explained that Gregory's LAD claims for wrongful termination were sufficiently related to the SPA and its forum selection clause because the allegedly fraudulent acts that led to his termination were acts committed in connection with the SPA. *Id.* at *14-15. *Karzhevsky* makes clear that New Jersey does not require forum selection provisions, such as the Clause, to

---

*Services, LLC*, 215 N.J. 174 (2013), and *Alfano v. BDO Seidman, LLP*, 393 N.J. Super. 560 (App. Div. 2007), cited by Collins (Br.6), also involved **arbitration** clauses, and in each case the court, in fact, enforced the clause, distinguishing *Garfinkel*. Nothing in either opinion remotely suggests that *Garfinkel* is applicable to forum selection clauses directing the parties to the **courts** of another state.

expressly reference statutory claims in order for those claims to come within the scope of the clause.[5]

### 2. The *Nuzzi D*ecision Also Does Not Support Collins' Position

Collins reliance upon *Nuzzi v. Aupaircare, Inc.,* No. 08-1210, 341 Fed. Appx. 850, (3d Cir. Aug. 12, 2009) (not precedential) is also misplaced. *Nuzzi* involved an appeal from a district court's dismissal of the plaintiff's diversity action asserting claims under the New Jersey LAD and the New Jersey Family Leave Act, N.J.S.A. § 34:11B-1 *et seq*. ("NJFLA"), on the basis of a California choice of law clause and an arbitration provision designating San Francisco as the site for the **arbitration.** Neither provision specifically referenced plaintiff's New Jersey statutory rights. The district court ruled that the choice of law clause was valid and held, in essence, that by agreeing to it, plaintiff had waived her substantive rights under the above referenced statutes. The court thus dismissed the action.

On appeal, first the Court predicted that, in light of *Garfinkel*, the New Jersey courts would not enforce the **choice of law** clause[6] because it did not

---

[5] *Karzhevsky* is consistent with New Jersey's well settled public policy that strongly favors forum selection clauses. *See, e.g., Caspi v. Microsoft Network*, 323 N.J. Super. 118, 122 (App. Div. 1999) (holding under New Jersey law a forum selection clause is presumptively valid); *accord*., *Paradise Enterprises Ltd. V. Sapir*, 356 N.J. Super. 96 (App. Div. 2002). In *Cadapult Graphics Sys., Inc. v. Tektronix, Inc.,* 98 F. Supp.2d 560, 566 (D.N.J. 2000), the court noted: "New Jersey's treatment of forum selection clauses substantially mirrors the favorable treatment espoused in federal courts." Indeed, no court has held that New Jersey's public policy favoring forum selection provisions, such as the Clause, directing the parties to the courts of another state, is inapplicable to WPL claims or any other statutory claim.

[6] *Nuzzi* applied New Jersey law to the **choice of law** clause at issue because in a diversity case a federal court applies the choice of law rules of the jurisdiction in which it sits. *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167,170-71 (3d Cir. 2011); *Nuzzi*, *supra,* 341 Fed. Appx. at 852.

specifically reference the plaintiff employee's LAD and NJFLA claims, and then held that the **arbitration clause** was not enforceable for the same reason. *Id.* at 852-53. Thus, the Court reversed the dismissal of the action.

*Nuzzi* is distinguishable from the present case for much the same reasons as is *Garfinkel*. Both cases were decided under New Jersey law, whereas, as discussed above, it is federal law that controls the effect to be given to the Clause. And most important, both cases stand for a proposition that simply has no bearing on this appeal, namely that a plaintiff should not be deemed to have waived **statutory** rights under New Jersey's employment laws unless the waiver language on which the defendant relies expressly references those rights. In the present case, and as noted above, there is no issue whatsoever of a waiver of a judicial remedy or other statutory rights. Collins has every right to bring her claims before a Texas court and to obtain all judicial remedies available. Clearly, neither the WPL itself nor any court decision even suggests, much less mandates, that the courts of New Jersey must resolve WPL claims to the exclusion of all other courts.

Finally, although Collins argues that the Court in *Nuzzi* invalidated a forum selection clause (Br.10), what the *Nuzzi* opinion at one point termed a "forum selection clause," was, in fact, the arbitration provision. [7] In *Nuzzi,* there was no separate clause directing the parties to the *courts* of California. Thus, once the

---

[7] Collins also relies (Br.1) on two unreported district court cases that cite *Nuzzi:* A. *& M. Wholesale Hardware Co., Inc. v. Circor Instrumentation Technologies, Inc.*, No. 13–0475, 2014 WL 714938 (D.N.J. Feb. 24, 2014), and *Kanafani v. Lucent Technologies Inc.*, No. 07-11, 2009 WL 3055363 (D.N.J. Sept. 18, 2009). To the extent the courts in these cases declined to enforce a **choice of law** clause, they are inapplicable to the present case for the reasons discussed above. Although the court in *Kanafani*, relying on *Nuzzi*, also declined to enforce a forum selection clause, it appears to have done so based on its failure to grasp that the clause at issue in *Nuzzi* was an arbitration clause, not a clause directing the parties to the courts of another state.

Court held that the arbitration clause was unenforceable under *Garfinkel,* the employer had no contractual basis to argue that the plaintiff's statutory claims should be litigated in a San Francisco court. Accordingly, the Court in *Nuzzi* had no occasion to consider the circumstances presented here, *i.e.*, a forum selection clause that does not require Collins to waive her right to a judicial remedy for her WPL claims. In *Garfinkel,* the arbitration clause provided for arbitration in New Jersey. 168 N.J. at 128. Nothing in *Garfinkel* or any other New Jersey case indicates that the New Jersey courts would not enforce an arbitration agreement that expressly included statutory claims because those claims were to be arbitrated outside New Jersey. For all of these reasons, Collins' attempt to glean support from the adjudication of the choice of law provision in *Nuzzi* in order to limit the scope of the Clause here to non-statutory claims should be rejected.[8]

**3. The FLSA cases cited by Collins are inapposite.**

Collins also cites a number of district court cases declining to apply a forum selection clause to a claim for unpaid wages or overtime under the Fair Labor

---

[8] Although the Agreements contain a Texas choice of law clause (IBC Agreement, first unnumbered paragraph, PA016; ISD Agreement, § 17, PA023.), Mary Kay did not assert that clause as grounds for dismissing the action and that clause is not before this court as part of this appeal. It was not for the district court to decide any choice of law issues. In *Atlantic Marine, supra,* 134 S. Ct. at 583 & n.8. the Supreme Court made clear that, whether a forum selection clause is enforced by a motion to transfer or by a motion to dismiss on the grounds of *forum non conveniens,* choice of law issues are to be decided by the court in which suit should have been properly brought -- not by the court in which suit has been improperly brought. Thus, it is for the Texas courts to apply its choice of law rules to Collins' claims. We note parenthetically that Texas courts have applied New Jersey law in cases involving employment disputes where appropriate. *See, e.g., Larchmont Farms v. Parra,* 941 S.W. 2d 93 (Tex. 1997) (holding the New Jersey Workers Compensation statute was the appropriate law to apply to the case); *McCracken v. Monosol RX, LLC,* No. 02–12–00151–CV., 2014 WL 4937997 (Tex. App. Oct. 2, 2014) (applying New Jersey contract law to employment dispute).

Standards Act, 29 U.S.C. § 201 et seq. ("the FLSA") (Br.12-13). In fact, however, other district courts have enforced forum selection clauses with regard to FLSA claims. *See, e.g., Richmond v. 20/20 Communications, Inc.*, No. 16-cv-6051, 2016 WL 6217107 (N.D. Ill. Oct. 24, 2016); *Johnson v. Academy Mortg. Corp.*, No. 11–cv–01328, 2012 WL 954230 (D. Colo. Mar. 21, 2012); *Ruifrok v. White Glove Rest. Servs., LLC,* No. DKC 10–2111, 2010 WL 4103685 (D. Md. Oct. 18, 2010); *Hernandez v. Tex. Capital Bank, N.A.*, No. 07-0726-CV-W, 2008 WL 342758 (W.D. Mo. Feb. 5, 2008).

The varying results in these cases is explained by the difference in language of the clauses under review. Here, however, as Collins has not asserted claims for unpaid wages or overtime, little purpose would be served by parsing the forum selection clause language at issue in each of these FLSA cases. Collins' claims are based on a specific provision of the WPL defining the circumstances where wages can be withheld or diverted. As discussed below, these claims clearly "relate to" the present dispute between the parties, plainly implicate the terms of the Agreements and are thus governed by the Clause. Collins' attempted analogy to the FLSA cases she cites is overly simplistic and unavailing.

For the reasons set forth above, the cases and arguments relied upon by Collins in support of her appeal premised on arbitration and choice of law provisions are all clearly distinguishable and should be rejected by this Court.

## C. The Claims in Suit are Directly Within the Scope of the Clause

Relying on well-established case law directly applicable to this matter, the district court properly found the Clause at issue herein is "broadly worded to cover 'any dispute or controversy … concerning any matter relating to this Agreement'" (PA 007). As a result, the district court determined that Collins' WPL claim "stems from the contractual relationship because it "would not have arisen without

the … contract". (PA 008). In this regard, the district court aptly noted: "Her claim 'arise(s) out of the contractual relationship and implicate(s) the contract's terms.'" *Id.* As a result, the forum selection clause should be enforced.

**1. <u>The Clause Covers Claims Other Than Breach of Contract</u>**

Collins' WPL claim is premised on N.J.S.A. § 34:11-4.4, which prohibits an employer from "withhold[ing] or divert[ing] any portion of an employee's wages" except in certain circumstances.[9] Despite Collins' arguments to the contrary, claims other than breach of contract claims, including the WPL claim at issue herein, are squarely within the terms of the Clause.

The Clause, which is found in the Agreements under which Collins purchased Mary Kay products, is not limited by its terms to breach of contract claims but as noted above, applies to "*any* dispute . . . concerning *any* matter *relating to* this agreement" (emphasis added). (PA016, PA023). The law is well settled that a forum selection clause that purports to apply to claims or disputes "relating to" or "with respect to" the agreement that contains the clause should be construed broadly to cover claims beyond breach of contract claims.

For example, in *Carlyle Inv. Mgmt. LLC, supra,* 779 F.3d at 216-17, the agents of an investment fund whose securities were sold through a "Subscription Agreement" were threatened with a breach of fiduciary duty claim by entities affiliated with the buyer of the fund's securities, who claimed these agents had mismanaged the fund. The fund's agents brought suit in Delaware state court to

---

4. The Complaint does not identify this section of the WPL as the basis for Collins' claims. Collins first identified this provision in her brief in opposition to Mary Kay's motion to dismiss. In that brief, Collins pointed to the Complaint's allegations that Collins was required to purchase Mary Kay product for resale and make expenditures for advertising materials and other items as constituting unlawful "withholding" or "diversion." She points to the same allegations on appeal. (Br. 2)

enforce releases not contained in the Subscription Agreement but in subsequent agreements. The Subscription Agreement contained a forum selection clause that gave the Delaware state courts exclusive jurisdiction over "any action, suit or proceeding with respect to this Subscription Agreement." *Id.* at 217.

This Court enforced the forum selection clause although the disputed issues between the parties did not concern any alleged breach of the terms of the Subscription Agreement. The Court recognized that forum selection clauses encompassing claims "with respect to an agreement" are interpreted "broadly" and that "[a]n action need not even allege contract-based claims in order for a forum selection clause in a contract to be enforced." *Id.* at 220. Thus, although the releases plaintiffs sought to enforce were not contained in the Subscription Agreement, this Court held:

> "[T]he defendants would not have any claims, nor would [plaintiffs] need to seek release from any claims, but for the original Subscription Agreement that contains the forum selection clause. It is clear that the relationship between plaintiffs and defendants, including the letters from defendants' Dutch counsel [accusing plaintiffs of wrongdoing] and plaintiffs' present efforts to be released from any claims, stem from the Subscription Agreement. Thus, the claims are "with respect to" the Subscription Agreement.

*Id.* This Court, citing its earlier decision in *Crescent Int'l Inc. v. Avatar Communities, Inc.,* 857 F.2d 943, 945 (3d Cir.1988), further reasoned: "If this were not the rule, a plaintiff could easily avoid a forum selection clause by artfully pleading non-contract claims that stem from the contractual relationship." S*ee also John Wyeth & Bro. Ltd. supra,* where, this Court, giving an expansive scope to a forum selection provision drafted in language strikingly similar to the language of

the Clause,[10] rejected the argument that that provision was limited in scope to claims based upon or growing out of the agreement containing it. *119 F.3d* at 1074.

Notably, the *Carlyle* court cited with approval Huffington v. T.C. Grp., LLC, 637 F.3d 18, 22 (1st Cir. 2011), which held that a forum selection clause in a purchase agreement applied to non-contractual claims[11] because "none of the claims would have arisen without the original purchase contract." *Carlyle Inv. Mgmt. LLC, supra, 779 F.3d at 220, citing Huffington, supra,* 637 F.3d at 22. In so holding, the court in *Huffington* elaborated on the broad scope to be given to forum selection clauses employing terms such as "with respect to," "relating to" or similar terms:

> [C]ourts describe the phrase "with respect to" as synonymous with the phrases "with reference to," "relating to," "in connection with," and "associated with," and they have held such phrases to be broader in scope than the term "arising out of," to be broader than the concept of a causal connection, and to mean simply "connected by reason of an established or discoverable relation." *Coregis Ins. Co. v. Am. Health Found., Inc.*, 241 F.3d 123, 128–29 (2d Cir.2001) (Sotomayor, J.) (collecting authorities).

*Id.*

---

10 In *John Wyeth & Brother Ltd*, the forum selection provision gave the English courts exclusive jurisdiction "in relation to any dispute arising under or out of or in relation to this Agreement." 119 F.3d at 1072. In the present case, the Clause gives the Texas courts exclusive jurisdiction over "any dispute or controversy [that] should arise between them concerning any matter relating to this Agreement."

11 The claims asserted by the plaintiff in *Huffington* included claims under Massachusetts security and consumer protection statutes and common law claims but no breach of contract claims. 637 F.3d at 21.

In the present case, the Complaint's allegations clearly "relate to" the Agreements. There can be no dispute that the Agreements set forth the parties' financial arrangements with regard to Collins' Independent Beauty Consultant and Independent Sales Director status. *See, e.g.*, IBC Agreement, § B2 (commissions) (PA016); ISD Agreement, § 3 (commissions and bonuses) (PA018) with attached schedule of commissions (PA024-025). This Court's directive that a party should not be allowed to avoid a forum selection clause by "artfully pleading" non-contract claims that stem from the contractual relationship clearly applies to this case.

**2. The Claims Cannot be Adjudicated <u>Without Reference To The Agreements</u>**

Moreover, as the court recognized in *TriState HVAC Equipment, LLP v. Big Belly Solar, Inc.*, 752 F.Supp.2d 517, 536 (E.D. Pa. 2010), noting this Court's opinion in *Crescent Int'l*, among others:

> [C]ourts have generally held that a forum-selection clause applies to tort and other non-contract claims that require interpretation of the contract or otherwise implicate the contract's terms. *See, e.g., Omron Healthcare, Inc. v. Maclaren Exports, Ltd.*, 28 F.3d 600, 601–03 (7th Cir.1994) (holding that forum-selection clause governed trademark-infringement claim where resolution of dispute depended on interpretation of the contract); *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944–45 (3d Cir.1988) (holding that forum-selection clause applied to RICO, fraud, unfair-competition, and tortious-interference claims because they implicated the terms of the agreement); *Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 720–21 (2d Cir.1982) (applying forum-selection clause to antitrust claim); *see also Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir.1988) ("Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract.").

Here, for example, Collins alleges that under "the ABC test," adopted by the New Jersey Supreme Court in *Hargrove v. Sleepy's,* 220 N.J. 289, 303 (2015), she is an "employee" for WPL purposes, not an independent contractor. Br.20. Part A of the ABC test requires a determination that the individual "has been and will continue to be free from control or direction over the performance of such service, both **under his contract of service** and in fact." *Id.* at 305 (emphasis added). Thus the adjudication of Collins' WPL claims, in terms of determining the issue of "control," clearly requires the review and interpretation of the Agreements, which set out in detail the parties duties and responsibilities, including Collins' recognition of her independent contractor status and Mary Kay's relinquishment of control over her activities. *See, e.g.*, IBC Agreement, § B5 (PA 016); ISD Agreement, §§ 7.3, 11.1 (PA020, PA022). Indeed, Mary Kay will assert that the terms of Agreements bearing on the issue of "control" for purposes of the ABC test support its defense that Collins is an independent contractor. In this regard, *see John Wyeth & Bro. Ltd. supra,* 119 F.3d at 1076 (enforcing an agreement's forum selection clause because the defendant asserting the clause was relying on the terms of that agreement in its defenses to the plaintiff's claims);[12] *Schering Corp. v, First Databank, Inc.*, 479 F. Supp.2d 468, 471 (D.N.J. 2007) (same).

In addition, to establish her claims under N.J.S.A. § 34:11-4.4, Collins must prove that Mary Kay made unauthorized withholdings or deductions from her "wages."[13] The determination of whether Collins was remunerated in "wages" as

---

[12] The Court in *John Wyeth & Bro. Ltd.* concluded that the forum selection clause in issue was sufficiently broad to "easily encompass[]a dispute in which the [agreement containing the clause] is raised as a defense. 119 F.3d at 1076. As noted, *supra*, at 8 & n.5, the language of the forum selection clause in the Agreements is strikingly similar to the clause in *John Wyeth & Bro. Ltd.*

[13] The WPL defines "wages" as compensation "where the amount is determined on a time, task, piece, or commission basis excluding any form of

defined by the WPL or via some other form of compensation obviously requires a review and interpretation of the Agreements, which, as noted above, expressly address commissions, bonuses and the method of calculating same.[14] Again, as part of its defense, Mary Kay will assert that the Agreements do not provide in any respect for the payment of "wages" within the meaning of the WPL.

Moreover, as noted above, Collins claim is based on her allegations that she was required to make expenditures for Mary Kay product samples, advertising materials and other items (Br.2), and that these expenditures constitute a withholding and diverting from wages in violation of N.J.S.A. § 34:11-4.4. But whether and to what extent Collins was actually **required** to make any given expenditure cannot be ascertained without reference to the Agreements. Also, whether Collins was required to make minimum product purchases or face termination, as she claims, (Complaint ¶ 16, PA026), will require review of the Agreements' provisions covering termination. *See* IBC Agreement, second unnumbered paragraph (PA016); ISD Agreement, § 10 (PA021).

---

supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto.'" N.J.S.A. § 34:11-4.1(c). Notably, the Complaint does not allege that Collins was paid in "wages" as defined by the WPL and is otherwise silent at to the form of her compensation.

14 For example, not all "commissions" constitute "wages" under the WPL. *See Sluka v. Landau Uniforms, Inc.*, 383 F. Supp.2d 649, 656 (D.N.J. 2005) (holding employee's commissions were "supplementary incentives" that "were designed to motivate and reward a salesperson who seeks out and creates new clients" and "creates more business each year" and did not constitute "wages" for WPL purposes). Thus, to the extent the Agreements' terms refer to "commissions," interpretation of that term is required to determine whether Collins' "commissions" could be deemed to be "wages" under the WPL.

For the reasons set forth above, Collins' argument on appeal (Br.17-21) that her claims can be adjudicated without reference to the Agreements misses the mark and is simply wrong[15]. The district court should be affirmed.

## CONCLUSION

For the foregoing reasons, the Order of the district court dismissing the Complaint in this action on the grounds of *forum non conveniens* should be affirmed.

Dated: November 25, 2016

**GIBBONS P.C.**
By: s/ Christine A Amalfe
Christine A Amalfe
Richard S. Zackin

**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
(973) 596-4829
*Attorneys for Appellee*

[15] It is unclear why Collins relies on *Badia v. Homedelivery Link, Inc.*, No. 2:12–cv–06920, 2014 WL 3619796 (D.N.J. July 22, 2014) (Br.19), a case that did not involve a forum selection clause. There, the court, in denying a motion to dismiss a counterclaim, simply held that the parties' agreement that provided for deductions would be null and void **if** the deductions were determined to be in violation of N.J.S.A. § 34:11-4.4. Nothing in the opinion suggests that the counterclaim, based on that statute, did not relate to the parties' agreement and could be decided without consideration of the agreement.

## CERTIFICATE OF ADMISSION TO THE BAR

Pursuant to the Third Circuit Local Appellate Rule 28.3(d), the undersigned hereby certifies:

I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Dated: November 25, 2016

By: /s/ Christie A. Amalfe
Christine A. Amalfe, Esq.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), the undersigned hereby certifies:

This brief complies with the type-volume limitation of Fed. R. App. P.32(a)(7)(B) because it contains 6,077 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font.

.Dated: November 25, 2016

By: /s/ Christie A. Amalfe
Christine A. Amalfe, Esq.

**CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS**

Pursuant to the Third Circuit Local Appellate Rule 31.1(c), the undersigned hereby certifies:

The text of the electronic and hard copy forms of this brief are identical.

Dated: November 25, 2016

By: /s/ Christie A. Amalfe
Christine A. Amalfe, Esq.

**CERTIFICATE OF VIRUS CHECK**

Pursuant to the Third Circuit Local Appellate Rule 31.1(c), the undersigned hereby certifies:

I caused the electronic version of this brief to be checked for computer viruses using Sophos Anti-Virus, Version 10.3. No computer virus was found.

Dated: November 25, 2016

By: /s/ Christie A. Amalfe
Christine A. Amalfe, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2016, I caused to be electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Also on this day, I caused to be sent seven (7) copies of the foregoing to the Office of the Clerk of Court, along with two (2) copies to the following counsel:

Ravi Sattiraju, Esq.
THE SATTIRAJU LAW FIRM, P.C.
116 Village Blvd., Suite 200
Princeton, New Jersey 08540
*Attorney for Ina M Collins Appellant*

.Dated: November 25, 2016

By: /s/ Christie A. Amalfe
Christine A. Amalfe, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
camalfe@gibbonslaw.com
*Attorneys for Appellee*